## LEONARD PFEIFFER v. CHARLES M. PETERS.

Argued June 8, 1910—Decided November 5, 1910.

1. A tenant, having entered upon premises under a parol lease, void under the statute of frauds as to the term, and having paid rent during his occupancy, will be deemed to be a tenant from year to year, for the purpose of requiring him to give notice to his landlord of his intention to quit.
2. In tenancies arising by entry of the tenant and the subsequent payment of rent, under a parol lease, void as to its term by reason of the statute of frauds, a month's notice by the tenant to terminate the tenancy is insufficient.

On appeal from the District Court of the city of Hoboken.

Before Justices SWAYZE and VOORHEES.

For the appellant, *John J. Fallon.*

For the respondent, *Harry W. Lange.*

The opinion of the court was delivered by

VOORHEES, J. This action was brought to recover rent for the months of December, 1908, and January, 1909. The proof was that the defendant went into possession June 1st, 1907, and remained till December 1st, 1908, paying rent each month for the time of actual occupancy, and gave a month's written notice to landlord that he would quit on December 1st, 1908.

It was also in proof that before entry the defendant had stipulated for a long term of five or ten years at $60 per month, but had entered without executing a lease, and that when the first month's rent was paid, he said, "Here it is until we get the lease." The written lease was never prepared.

The court found as a fact that defendant had entered into possession under an agreement for a lease for five or ten years, to be thereafter prepared by plaintiff and submitted to the

defendant, and that the plaintiff, failing to prepare and submit such lease, the defendant had a right to vacate on one month's notice of his intention to quit, and therefore rendered judgment for the defendant.

The reasons relied upon for reversal are that the court found as matter of law that defendant had a right to vacate on one month's notice; and that defendant was not a yearly tenant or tenant from year to year.

The agreement for a letting for a term in excess of three years being by parol and not put in writing, by reason of the entry and occupation under it, created a tenancy, yet by section 1 of our statute of frauds, it had "the force and effect of a lease or estate at will only."

It has now become settled that though the statute creates an estate at will only, yet that estate, having come into existence, may and will be changed into a tenancy from year to year by the payment of rent. See *Sm. Lead. Cas.*, notes to *Clayton* v. *Blakey; Doe* v. *Weller*, 7 *T. R.* 478. Rent was paid by the tenant in the present case.

It was said in *Drake* v. *Newton*, 3 *Zab.* 111, that such a lease operates as a demise from year to year. Whether the latter *status* is evolved only after the payment of rent, or at once, upon entry, springs into being, it is not necessary here to discuss. The essential question now to be settled is what notice of intention on the part of the tenant to quit was necessary. In *Den ex dem. McEowen* v. *Drake*, 2 *Gr.* 523, it was held that tenancies at will, so far at least as to entitle the tenant to a half year's notice to quit, are to be construed to be tenancies from year to year. Three months' notice to the tenant now by statute is sufficient.

The like obligation, however, rests upon the tenant to give notice to his landlord of his intention to quit as is borne by the landlord to notify his tenant to quit. *Hanks* v. *Workmaster*, 46 *Vroom* 73; *Mitchell Fertilizer Co.* v. *Armour*, 49 *Id.* 118; *Zabriskie* v. *Sullivan*, *post p.* 673.

The defendant having entered upon the premises under a parol lease, void under the statute of frauds, as to the term,

and having paid rent during his occupancy, will be deemed to be a tenant from year to year for the purpose of requiring him to give notice to the landlord of his intention to quit.

In such tenancies a month's notice by the tenant to terminate the tenancy is insufficient. For that reason the judgment will be reversed and the case remitted to the District Court for a new trial.